506 A.2d 1009

Edward Patrick Riley, Petitioner *v.* Workmen's Compensation Appeal Board (Department of Transportation), Respondents.

Submitted on briefs February 6, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

*Mel D. Kardos, Kardos & Lynch,* for petitioner.

*Frederick H. Hobbs,* for respondents.

Opinion by Judge Colins, March 26, 1986:

Edward Patrick Riley (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying claimant benefits under Section 108 of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant was employed by PennDOT as a road workman. His duties included shoveling hot or warm macadam from a truck onto the roadway where it was to be used. Claimant came into almost daily contact with the fumes that emanated from this hot asphalt. After being exposed to the fumes for a period of time, claimant began to suffer from coughing and wheezing.

The referee found that the evidence showed claimant's bronchial condition resulted from his inhalation of the various fumes in connection with his employment. The referee, however, found that even though claimant proved that he suffers from an occupational disease under the Act, claimant failed to show that his particular occupational disease is greater in his particular industry than in the general public. Because the referee found this requirement of proof absent, claimant's petition was dismissed. The Board affirmed, and this appeal followed.

Where, as here, the party with the burden of proof did not prevail before the referee, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *American Refrigerator Co. v. Workmen's Compensation*

---

[1] *Act of June 2, 1915, P.L. 736,. as amended,* 77 P.S. §27.1.

*Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Here claimant. alternatively pleaded both occupational disease and injury, but the referee failed to consider whether an injury was proven. Section 301(c) of the Act[2] provides:

(1) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury....

(2) The terms 'injury' and 'personal injury,' and 'injury arising in the course of employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act.

The referee or Board may grant any relief a claimant is entitled to under all the evidence. 34 Pa. Code §111.44(c). This is true even if claimant failed to plead an injury but proved it. *See Leed v. Workmen's Compensation Appeal Board (Quaker Alloy Casting Co.),* 95 Pa. Commonwealth Ct. 124, 504 A.2d 433 (1986); *Long v. Workmen's Compensation Appeal Board (Anchor Container Corporation),* 95 Pa. Commonwealth Ct. 242, 505 A.2d 369 (1986).

As previously noted, the referee found that work-related fumes caused claimant's condition. This would mandate consideration of whether claimant is eligible for compensation pursuant to an "injury" under Section 301(c) (1) of the Act.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

We will, therefore, vacate the order denying claimant compensation and remand the record to the Board for reconsideration of the case under Section 301(c) (1) and such relief as it deems appropriate.

## ORDER

AND NOW, this 26th day of March, 1986, the order of the Workmen's Compensation Appeal Board, No. A-85772, dated June 14, 1984, is vacated and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.