William A. Fowler, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jeras Corp. (Trojan Powder Co.), Respondents.

504

Argued September 11, 1978, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Graham C. Showalter*, for petitioner.

*Jack I. Kaufman*, with him *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE MACPHAIL, November 17, 1978:

This is a petition for review filed by William A. Fowler (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) disposing of Claimant's request for future medical expenses, counsel fees and costs. The Board affirmed the referee's findings with respect to each item and also affirmed the referee's finding that the Claimant had received an over-payment of $522.50, which said sum the Board

ordered could be offset by Jeras Corp. (Jeras) against any obligations Jeras incurred by reason of the Board's new order.

When the petition for review was filed with this Court, Jeras filed a motion to dismiss and a motion. to quash the petition. By order dated August 31, 1977, President Judge Bowman denied the motion to dismiss but granted the motion to quash the matters set forth in paragraphs 6(b) and 6(c) of the petition which related to Claimant's request for counsel fees for the period from November 23, 1973, to October 30, 1975, and costs for the same period. No appeal was taken from that order. Even though these matters were briefed by Claimant (and by the Board as well) we consider the prior order of this Court dated August 31, 1977, to be a final disposition of those matters and consequently they will not be discussed in this opinion.

Claimant was injured on August 8, 1962, while in the employ of Jeras. He suffered fractures of both legs, and an arm injury requiring the amputation of his left arm at the carpo-metacarpel level. A compensation agreement was executed by the Claimant and his employer on August 14, 1963. Since that time there have been numerous petitions before the Board. The most recent one was in the form of a supplemental petition for further medical expenses, costs and counsel fees. It is from the Board's decision on that petition that the instant appeal was taken.

The referee found that the Claimant would require further medical services for a period in excess of three (3) years from October 30, 1975. He found that those services were causally related to the restoration of Claimant's earning power. Claimant presented no testimony on the estimated cost of those services. The referee made no finding of fact with respect to the cost of such services. The Board estimated the cost

of such services at $500.00 per year based upon the cost of past services. The Claimant objects that the Board erred because it considered the cost of past medical services for the last five years only, whereas it should have considered the past seven years. Had the Board done so, the result would have been an award in excess of $900.00 per year rather than $500.00. The burden of proving the estimated cost of future medical services is upon the Claimant. *Workmen's Compensation Appeal Board v. Host Motel of Wilkes-Barre, Inc.*, 17 Pa. Commonwealth Ct. 624, 333 A.2d 833 (1975). Under the statute in effect at the time of Claimant's injury[1] the Board was authorized to order further medical, surgical and hospital expenses but was required to specify the maximum period and the maximum cost for the employee's rehabilitation. The Act also provided that the cost of such hospital treatment, service and supplies should not exceed the prevailing charges for similar services to other individuals. *Denne v. Plymouth Coal Mining Co.*, 91 Pa. Superior Ct. 429 (1927), held under the provisions of a similar statute that the amount of such costs should be reasonable and that the amount was primarily a question of fact to be determined under the evidence by the fact-finder. Here, the Board decided that it was reasonable to measure future services by the cost of past services. Claimant does not disagree with that approach but argues simply that a longer period of time should have been used. We are of the opinion that the Board used a reasonable basis to determine the amount to be awarded. This is best illustrated by the fact that the parties stipulated subsequently that the amount of *actual* expenses for the period between October 31, 1975, and Septem-

---

[1] Section 306(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531.

ber 4, 1976 (one of the years originally under consideration), was $415.34.

Claimant appeals from the Board's denial of his request for an award for counsel fees for the period beginning October 19, 1976, and ending April 27, 1977. Claimant is entitled to an award for counsel fees unless a reasonable basis for contest has been established. Section 440 of the Act, 77 P.S. §996. In *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 33 A.2d 819 (1975), this Court held that the "reasonableness of contest" was a legal conclusion that had to be arrived at based upon facts as found by the referee. In the instant appeal, we note that the matter of counsel fees for the period in question was not presented to the referee but was incorporated with numerous other petitions filed by the Claimant after the referee's decision to be heard by the Board in conjunction with the appeal that was taken from the referee's decision regarding the amount allowable for future medical expenses, counsel fees and costs. We agree with the Board that since under the statute the allowance of further medical expenses hinges upon the establishment of a causal relationship between the further care and a restoration of the Claimant's earning power, the law "somewhat" invites a contest by the employer. Likewise, we concur with the Board's conclusion that this fact makes the "contest" reasonable.

Finally, Claimant appeals from the finding of the referee which was affirmed by the Board that the employer would be entitled to a setoff of $522.50 which was an overpayment for past medical expenses against the award for future medical expenses. While considering the matters referred to him by the Board under the Claimant's most recent petition, the referee discovered a mathematical error in the calculation of medical expenses where the referee's findings were

entered June 7, 1976, based upon a statement of medical expenses submitted by Claimant's counsel at that time. The referee concluded in his findings dated February 3, 1977, that the employer was entitled to a credit in the amount of the overpayment. Claimant does not deny that he received an overpayment but alleges that the mistake is now irremedial since no appeal was taken from the initial order. Claimant further urges that the referee was without authority to include this finding on a subsequent unrelated petition.

Section 413 of the Act, 77 P.S. §771 provides that:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

We are of the opinion that the quoted statutory language is sufficient authority for the referee to correct the mathematical error made in a prior proceeding involving the same Claimant and the same injury. While we have neither statutory authority nor case law authority to guide us, we will hold that in the interest of justice and fairness the Board properly directed that the overpayment should be set off against the award made to the Claimant for future medical expenses.

For the foregoing reasons, the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 17th day of November, 1978, the order of the Workmen's Compensation Appeal Board

entered July 13, 1977, is affirmed and it is ordered that Jeras Corp., or its insurance carrier, pay the sum not to exceed $500.00 for the year 1977 and the sum not to exceed $500.00 for the year 1978, for the services of the Claimant's dermatologist and orthopedic surgeon as well as for Claimant's orthopedic shoes if necessary. It is further ordered that Jeras Corp. (or its insurance carrier as the case may be) shall be entitled to a credit against the payment of such sums in the amount of $522.50 representing the amount of an overpayment of previous medical expenses.