John Drozd, Petitioner *v.* Workmen's Compensation Appeal Board (The Lion, Inc. and Liberty Mutual Insurance Company), Respondents.

Argued October 17, 1984, before Judges Rogers and Craig, and Senior Judge Barbieri, sitting as a panel of three.

*Joseph P. Giovannini, Jr., Winkler, Danoff and Lubin,* for petitioner.

*Hugh F. Mundy, Dougherty, Mundy & Leventhal,* for respondents.

Opinion by Judge Rogers, December 11, 1984:

John Drozd (claimant) has appealed an order of the Workmen's Compensation Appeal Board (board) upholding a referee's action dismissing his petition for modification of an award of compensation for total disability.

The claimant was injured at work on August 4, 1972. By decision dated May 3, 1976, a referee awarded him compensation for total disability, fixing the amount at $60.00 per week. The employer appealed, contending that the claimant was improperly found to be totally disabled, but the board affirmed on November 10, 1976. There were no further appeals.

In December, 1980, the claimant filed a petition for modification of the referee's award affirmed by the board on November 10, 1976. The claimant invoked

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§771, 772.

Section 306 of the Act, 77 P.S. §§511-516, provides schedules of the amounts of compensation payable on account of various disabilities resulting in loss of earnings and for losses of members of the body. Section 306(a), 77 P.S. §511, provides the schedule for total disability. The claimant says, and everyone agrees, that the referee employed an obsolete version of Section 306(a) in arriving at the figure of $60 per week in his case; that the referee should have stated as the amount of compensation payable in his case to be at $86.14 per week which is 66 2/3 per cent of his weekly wages of $129.20.

As noted, the claimant was injured on August 4, 1972. Prior to May 1, 1972, Section 306(a) established as the scheduled payment to a totally disabled employee an amount equal to 66 2/3 per cent of his weekly wages, but not more than $60.00 per week. The Act of March 29, 1972, P.L. 159, *effective May 1, 1972*, amended Section 306(a) so as to remove the $60.00 cap. Hence, on August 4, 1972, when the claimant was injured, there was no cap, with the result that on his weekly wages of $129.20 per week the schedule called for him to receive $86.14 per week. The claimant seeks, of course, the amount thus far of the underpayments and an order that future payments be made according to the proper schedule.

Section 413 of the Act, which the claimant invoked to correct this clear and continuing error, is in two paragraphs. The first paragraph, at 77 P.S. §771, permits a referee at any time to review and modify or set aside a notice of compensation payable or an agreement for compensation if it be proved that the notice or agreement was in any material respect incorrect.

The second paragraph, at 77 P.S. §772, permits a referee at any time to modify, reinstate, suspend or terminate a notice of compensation payable, an agreement, or an award upon proof of a change in the disability of the injured employee.

The referee to whom the claimant's petition for modification was assigned dismissed the claimant's petition for modification, holding that the claimant was not entitled to relief from the award under the first paragraph of Section 413 because that paragraph provides for review only of notices of compensation payable and agreements, not awards; and that the claimant was not entitled to modification of the award under the second paragraph of Section 413, because although that paragraph allows modification of awards, it applies only where there is proof of a change in the claimant's disability. The referee also held that all relief would be "precluded" by Section 423, 77 P.S. §853, allowing appeals to the board from a referee's award, within twenty days after notice of the award because the claimant had not appealed the referee's award within twenty days after the referee's decision of May 3, 1976.

The Appeal Board affirmed the referee's action and approved his reasoning, observing, however, that the decision was harsh. We agree that the decision is harsh; we do not agree that it is irremediable.

Support for the proposition that Section 413 authorizes the modification of an award without a showing of a change in disability is found in *Fowler v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 503, 393 A.2d 1300 (1978). There a referee made a mathematical mistake which caused him to award a claimant $522.50 in medical expenses more than the amount to which he was entitled. Much later the claimant requested an award for future med-

ical expenses. Another referee awarded the future expenses sought but in reviewing the decision of the first referee discovered the earlier overpayment to the claimant and ordered the amount of it offset against the new allowances. The Appeal Board affirmed the referee's action. On appeal to this court the claimant contended, as the defendants here contend, that the mistake was irremediable because no appeal had been taken from the award of medical expenses and because there is no authority in law for correcting an error in an unappealed award on a letter unrelated petition. The court, speaking by Judge MacPHAIL, after quoting language of Section 413, wrote:

> We are of the opinion that the quoted statutory language is sufficient authority for the referee to correct the mathematical error made in a prior proceeding involving the same Claimant and the same injury. While we have neither statutory authority nor case law authority to guide us, we will hold that in the interest of justice and fairness the Board properly directed that the overpayment should be set off against the award made to the Claimant for future medical expenses.

38 Pa. Commonwealth Ct. at 508, 393 A.2d at 1302.

There is other authority for correcting the referee's and the parties' mistake in this case. The facts of *Giannetti v. M.C. Seib Company,* 163 Pa. Superior Ct. 530, 63 A.2d 464 (1949) were as follows: a claimant and his employer entered into an agreement that the employer should pay the claimant $15.60 weekly for total disability for 500 weeks. About a year later, the employer petitioned to terminate and a referee found the claimant to be 25% partially disabled and ordered payment of $3.90 weekly for 400 weeks. As Judge (later Justice) JOHN C. ARNOLD for the Su-

perior Court observed, under this award the claimant was entitled to receive $3.90 per week for 400 weeks by either of two methods—payment of compensation or by the receipt of equivalent wages. After the 400 weeks (the then period of limitation for appealing) had passed, the employer filed a petition to terminate. The claimant answered that he was still 25% disabled, that the employer had not been paying the award (possibly because it believed the claimant was earning equivalent wages), and that he had received no equivalent wages. All of these conditions were found in fact to have existed. Judge ARNOLD disposed of the employer's appeal from the judgment entered in favor of the claimant for the balance of the award due and unpaid, as follows:

> On this state of the record, and because the claimant had not taken action before the expiration of 400 weeks, the appellants insist that they must be given credit on the award for that which admittedly the claimant did not receive, and that which admittedly they never paid. The mere statement of the proposition demonstrates its injustice.
>
> The referee and the board correctly determined that the question was one of satisfaction and not termination, and that the award was not satisfied. They therefore acted properly in adjudicating the balance due and unpaid.

163 Pa. Superior Ct. at 532, 63 A.2d at 465-66.

The case of *Bush v. Lehigh Brick Company,* 176 Pa. Superior Ct. 634, 109 A.2d 206 (1954), seems to be directly in point with the case *sub judice* because the claimant in that case seems to have proceeded under the second paragraph of Section 413, 77 P.S. §772. In *Bush* a referee found the claimant to be 50% disabled, that he had a loss of earning power of

$7.11 per week and awarded compensation of $4.74 per week. The period of payments was for 300 weeks at the end of which the claimant filed for reinstatement. A referee found that the 50% disability continued until the end of the period but that the claimant's earnings increased so that he should have been paid more than $4.74 per week and awarded the difference. The Appeal Board reversed the award for the same reasons the referee and board in this case dismissed the instant claimant's petition under Section 413—that the claimant had not shown a change in disability as required by "Section 413 of the Act, *as amended*, 77 P.S. 772" and because no appeal could be taken under the then version of the Act after the 300 week period of payments. Judge FLOOD for the Philadelphia Court of Common Pleas in reversing rejected both of the Appeal Board's reasons for reversing the referee's award on the authority of *Giannetti*, pointing out that the case did not concern the merits of the original award but the question of its satisfaction. The Superior Court affirmed on Judge FLOOD's opinion.

Just as in *Giannetti* and *Bush*, the case does not concern the merits of the original award but the question of its satisfaction. The material part and base of the original award was that the claimant, Drozd was totally disabled and was entitled to compensation. It follows that, as a matter of the mechanical application of the statutory schedules, he was entitled to receive $84.16 per week during total disability. That award was not satisfied by the payment of $60 per week. As the cases just cited show there is authority for correcting the purely mechanical error made in this case; so that it was error on the part of the compensation authorities not to have modified the 1976 award and not to have awarded the difference between

the amount the claimant has been paid and the amount to which he was entitled and not to have directed the payment to the claimant of the lawful amount in the future.

Order reversed; the record is remanded to the Workmen's Compensation Appeal Board with direction to enter orders consistent with this opinion. Jurisdiction is relinquished.

### ORDER

AND Now, this 11th day of December, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed; the record is remanded to the Workmen's Compensation Appeal Board with direction to enter orders consistent with this opinion. Jurisdiction is relinquished.