648 A.2d 96

Maryann TOMLINSON, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(J. BAKER, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Sept. 7, 1994.

William R. Stokes, II, for petitioner.

Thomas C. Chesnick, for respondent.

Before SMITH, KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Maryann Tomlinson petitions for review of the February 28, 1994 order of the Workers' Compensation Appeal Board, affirming the decision of the Referee to grant Claimant total disability compensation less a credit for a commutation award which Claimant received for a separate injury. We affirm in part and reverse in part.

We are called upon to decide the novel issue of whether, under the Pennsylvania Workers' Compensation Act (Act),[1] a claimant is entitled to recover total disability compensation in addition to a commuted partial disability compensation award, representing a loss of earnings for a separate injury overlapping the total disability period.[2] We conclude, here, that this claimant is entitled to receive compensation, not exceeding the statutory maximum weekly compensation payable, for her simultaneous periods of disability.

[1]. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

[2]. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

## Background

The history of this case is undisputed. In the course of her employment with a previous employer, Retour, Inc., Claimant sustained a work-related low back injury on May 9, 1985 for which she received temporary total disability compensation. On September 8, 1988, Claimant entered into a Supplemental Agreement with Retour, Inc., acknowledging that her disability status had changed from temporary total to permanent partial disability. On December 28, 1988, at Claimant's request, her future permanent partial disability compensation for the May 9, 1985 injury was commuted for the lump sum of $35,000.00. The commutation award represented the payment of 500 weeks of future partial disability benefits at the rate of $70.00 per week.

Subsequently, while working for J. Baker, Inc. (Employer), Claimant allegedly sustained two additional work-related injuries on December 24, 1989 and January 19, 1990, respectively, for which Claimant filed two separate Claim Petitions.

The Referee determined that, as a result of the December 24, 1989 work injury, Claimant was entitled to temporary total disability compensation for the period of December 25, 1989 to July 18, 1991. However, the Referee determined:

> As the Claimant continued to suffer partial disability, related to the Retour injury of 1985, through the period of temporary total disability, and, by law, is precluded from stacking her disability entitlements, the Referee will impose a credit as follows: $133.00 (temporary total disability rate re. 12/24/89 injury)—$70.00 (partial disability entitlement re. 1985 injury) = $63.00 per week (residual benefit entitlement).

(Referee's February 3, 1993 opinion at 7.)

Claimant appealed the Referee's offset of $70.00 per week from her total disability rate to the Board. The Board affirmed, reasoning that, with the $70.00 per week offset, Claimant's total disability rate is consistent with her earning capacity for that period.

On appeal to this Court, Claimant again argues that there is no legal authority for the $70.00 per week offset granted to Employer. To the contrary, Claimant argues that, under the Act, she is entitled to compensation for her loss of earnings as a result of the new and separate 1989 injury. In support of her argument, Claimant contends that the receipt of unearned income does not affect a claimant's total disability entitlement. Alternatively, Claimant contends that the 1993 amendments to the Act, specifically permitting an employee to receive simultaneous benefits from two or more employers, change the current law only to the extent that the combined amount may not exceed the statutory maximum weekly benefit.

Employer argues that there is no provision in the Act allowing "double dipping." Further, Employer argues that common sense prescribes that a claimant cannot experience more than total disability in the same time period. Employer also contends that Claimant incorrectly characterizes her commutation award as unearned income when the award represents compensation in lieu of wages earned.

### Discussion

We acknowledge that the issue before us is not specifically addressed by the Act. Under the Act, a commutation is an acceleration of future disability payments at a discounted rate. Section 316, 77 P.S. § 604.[3] Although we have held that a commutation award settles all obligations between the parties relating to the underlying disability, *Green v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 143, 401 A.2d 1243 (1979), it does not necessarily follow that we are precluded from considering the future compensation payments

---

3. Specifically, Section 316 provides:

> The compensation contemplated by this article may at any time be commuted by the board, at its then value when discounted at five per centum interest, with annual rests, upon application of either party, with due notice to the other, if it appear that such commutation will be for the best interest of the employe or the dependents of the deceased employe, and that it will avoid undue expense or undue hardship to either party....

77 P.S. § 604.

represented by the commutation for purposes of calculating the claimant's entitlement for a separate injury.

Therefore, we believe that the Referee properly factored into the calculation of Claimant's total disability benefits an apportioned amount of Claimant's commuted partial disability benefits. However, we believe that the Referee erred in categorically offsetting Claimant's apportioned, commuted partial disability compensation from her total disability entitlement. We believe that the appropriate approach is to impose a credit only for that amount of the combined benefits that exceeds the statutory maximum.

 Under the Act, compensation for total disability shall not exceed the maximum weekly compensation payable. Section 306(a), 77 P.S. § 511. Therefore, we have prohibited a claimant from receiving overlapping total disability awards when the total value of the awards exceeded the statutory maximum weekly amount. *Varghese v. Workmen's Compensation Appeal Board (M. Cardone Industries)*, 132 Pa.Commonwealth Ct. 482, 573 A.2d 630, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990). We do not interpret *Varghese*, in which we failed to identify the amounts of compensation in question, as prohibiting the receipt of overlapping disability awards in all cases. We find no proscription on the receipt of simultaneous compensation entitlements where the total weekly compensation does not exceed the statutory maximum.

Our result flows logically from the Referee's finding that, at the time of Claimant's 1989 injury, she remained partially disabled as a result of her 1985 injury. This finding is reflected in the fact that Claimant earned wages in 1989 which were less than her 1985 pre-injury wages. Therefore, under our holding, Claimant, who was not working at her full earning capacity for Employer in 1989, is not limited to the loss of earnings for that job alone.

Further, we note parenthetically, that our result is consistent with the 1993 amendments to the Act. Section 322 of the 1993 amendments provides:

[I]t shall be unlawful for an employe receiving compensation under this act simultaneously from two or more employers or insurers during any period of total disability to receive total compensation in excess of the maximum benefit under this act. Nothing in this section shall be deemed to prohibit payment of workers' compensation on a pro-rata basis, where an employe suffers from more than one injury while in the employ of more than one employer: Provided, however, That the total compensation paid shall not exceed the maximum weekly compensation payable under this act. . . .

Section 322, added by the Act of July 2, 1993, P.L. 190, No. 44, 77 P.S. § 677. Thus, under Section 322, an employee may receive compensation from more than one employer in any period of disability as long as the total compensation received does not exceed the statutory maximum.

Adding Claimant's weekly total disability entitlement of $133.00 with her apportioned weekly partial disability compensation of $70.00 equals an amount below the applicable statutory maximum weekly compensation payable.[4] Therefore, we affirm that part of the Referee's order granting Claimant $133.00 per week in temporary total disability benefits and reverse that part of the order granting Employer a credit of $70.00 per week.

Accordingly, we remand this case to the Board to direct Employer to pay to Claimant full temporary total disability compensation in the amount of $133.00 per week for the period of disability beginning December 25, 1989 and ending July 18, 1991.

### *ORDER*

**AND NOW,** this 7th day of September, 1994, we hereby affirm that part of the order of the Workers' Compensation Appeal Board dated February 28, 1994 at No. A93–0641 granting Claimant $133.00 per week in temporary total disabil-

---

**4.** The maximum weekly compensation payable is equivalent to the statewide average weekly wage. Section 105.2, 77 P.S. § 25.2. The statewide average weekly wage was $399.00 for 1989; $419.00 for 1990; and $436.00 for 1991.

ity benefits and reverse that part of the order granting Employer a credit of $70.00 per week.

This matter is remanded to the Workers' Compensation Appeal Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

SMITH, J., concurs in the result only.