Nancy E. JOHNSON, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (BUDD COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1997.

Decided May 2, 1997.

---

Martha J. Hampton, Philadelphia, for petitioner.

Jane A. Lombard, Philadelphia, for respondent.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Nancy E. Johnson (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a Workers' Compensation Judge (WCJ) to reinstate Claimant's total disability benefits for the period from April 26, 1987 to June 30, 1987 and dismissing Claimant's *nunc pro tunc* appeal. We reverse and remand.

Claimant was employed by the Budd Company (Employer) when, on May 19, 1981, she sustained a work-related injury. Claimant received workers' compensation benefits for various periods of time and, eventually, returned to work in a light duty position. However, on April 26, 1985,[1] Claimant was laid off due to lack of work.

On July 14, 1986, Claimant filed a petition for reinstatement of benefits alleging that she returned to work with restrictions but, as of April 26, 1985, she was laid off from her employment. Employer filed a timely answer on July 31, 1986, and hearings were held before a WCJ.

Based on the evidence presented, the WCJ found that Claimant was laid off from her employment on April 26, 1987 with residual medical problems. Thus, on September 7, 1988, the WCJ issued a decision granting Claimant's reinstatement petition for a period beginning on April 26, 1987. Employer filed a timely appeal on October 3, 1988.[2]

On April 13, 1989, oral argument was held on Employer's appeal before the WCAB. During oral argument, Claimant asked the WCAB to correct the typographical or clerical error in the WCJ's decision. (O.R., Claimant's letter of May 26, 1989.) On May 22, 1989, Employer withdrew its appeal. (O.R., WCAB docket entries.) By letter dated May 26, 1989, Claimant urged the WCAB to address the typographical or clerical error despite the withdrawal of Employer's appeal. (O.R., Claimant's letter of May 26, 1989.) In a letter dated May 31, 1989, Employer objected to Claimant's request because there was no longer an appeal before the WCAB. (O.R., Employer's letter of May 31, 1989.)

On June 9, 1989, Claimant filed an appeal *nunc pro tunc* with the WCAB challenging the WCJ's finding that Claimant was laid off from her employment on April 26, 1987. (R.R. at 6a–7a.) On June 28, 1989, when the WCAB issued an order acknowledging that

---

1. The WCJ found that Claimant was laid off on April 26, **1987**; however, it is undisputed in the record that the layoff occurred in **1985**. (R.R. at 2a, 29a, 101a–03a, 105a.) Thus, in drafting the opinion, the WCJ must have made a typographical or clerical error with respect to the year of Claimant's layoff from work.

2. Under section 423 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853, a party has twenty days to file an appeal with the WCAB.

Employer had withdrawn its appeal, a clerical worker at the WCAB erroneously believed that the withdrawal of Employer's appeal disposed of the entire case.[3]

On December 14, 1993, the WCAB received a letter from Claimant inquiring about the disposition of Claimant's *nunc pro tunc* appeal, which had *not* been withdrawn. (O.R., Claimant's letter of December 7, 1993.) Subsequently, the WCAB recognized its error and scheduled argument on Claimant's appeal. Following argument, the WCAB dismissed the appeal because Claimant failed to file the appeal within twenty days of the WCJ's decision and because Claimant was not entitled to an appeal *nunc pro tunc*.

■ On appeal to this court,[4] Claimant argues that the WCAB erred in failing to address the typographical or clerical error under section 413 of the Workers' Compensation Act (Act).[5] We agree.

■ As a preliminary matter, we note that the WCAB treated Claimant's appeal *nunc pro tunc* as such, rather than as a petition for modification under section 413 of the Act. We fail to understand why, for the sake of judicial economy, the WCAB did not simply treat the appeal as a *petition for modification* and remand the matter to the WCJ for correction of the erroneous date.[6] Under section 413 of the Act, a claimant may file a petition for modification to correct a material error in a WCJ's opinion *at any time*. *See Cook v. Workmen's Compensation Appeal Board*, 44 Pa.Cmwlth. 569, 404 A.2d 446 (1979).

Indeed, section 413 of the Act, 77 P.S. § 771 (emphasis added), provides in pertinent part:

A [WCJ] may, *at any time*, review and modify ... a notice of compensation payable and an original or supplemental agreement ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

In *Drozd v. Workmen's Compensation Appeal Board (The Lion, Inc.)*, 86 Pa.Cmwlth. 364, 485 A.2d 96 (1984), we held that this provision of the Act also authorizes the modification of a WCJ opinion where the decision is in any material respect incorrect. In *Butcher v. Workmen's Compensation Appeal Board (Treadway Resort Inn)*, 102 Pa. Cmwlth. 241, 517 A.2d 1023 (1986), we explained that *Drozd* permits a WCJ to modify a workers' compensation award to correct mechanical errors. Certainly, typographical or clerical errors are like mechanical errors and may be corrected under section 413 of the Act.

In fact, this court has held that an administrative agency may, on its own motion, correct typographical, clerical and mechanical errors, as well as undisputed factual errors and factual misconceptions, provided proper notice and explanation is given. *Cohen v. Workmen's Compensation Appeal Board*, 33 Pa.Cmwlth. 349, 381 A.2d 1330 (1978).[7] Quite clearly, on its own motion, the WCAB

---

**3.** The WCAB acknowledged that there was "a clerical breakdown" at the WCAB. (WCAB's op. at 2.)

**4.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Hastings v. Workmen's Compensation Appeal Board (Mastech Construction)*, 667 A.2d 485 (Pa.Cmwlth.1995), *appeal denied*, 544 Pa. 678, 678 A.2d 367 (1996).

**5.** 77 P.S. § 771.

**6.** In workers' compensation matters, the form of the filing is not controlling where the facts warrant relief for a claimant. *Blue Bell Printing v. Workmen's Compensation Appeal Board (Mont-*

*gomery Publishing Co.)*, 115 Pa.Cmwlth.203, 539 A.2d 933 (1988). If the evidence justifies relief under some section of the Act, relief may be granted regardless of the section under which a document has been filed. *York City School District v. Workmen's Compensation Appeal Board (Peyser)*, 136 Pa.Cmwlth. 110, 582 A.2d 423 (1990).

**7.** Thus, in *Station v. Workmen's Compensation Appeal Board (Pittsburgh Steelers Sports, Inc.)*, 147 Pa.Cmwlth. 512, 608 A.2d 625 (1992), the WCAB, at the claimant's request, ordered the correction of a typographical error in the amount of medical expenses set forth in a WCJ's order. Likewise, in *Crankshaw v. Workmen's Compensation Appeal Board (County of Allegheny)*, 120 Pa.Cmwlth. 148, 548 A.2d 368 (1988), the WCAB ordered the correction of a patent typographical error in the date of a suspension.

could have treated Claimant's appeal as a petition for modification and remanded it to the WCJ with an order to correct the decision to reflect the fact that Claimant was laid off from employment on April 26, 1985.

Because a claimant may file a petition for modification of a WCJ's decision *at any time* in order to correct a material typographical or clerical error, and because the WCAB may, on its own motion, order the correction of undisputed factual errors in a WCJ's decision, we conclude that the WCAB erred in failing to consider the typographical error in the WCJ's decision here. Accordingly, we reverse and remand this case to the WCAB for remand to a WCJ for correction of the WCJ's decision.

### ORDER

AND NOW, this 2nd day of May, 1997, the order of the Workmen's Compensation Appeal Board (WCAB), at A–97401, dated August 26, 1996, is reversed, and this case is remanded to the WCAB for remand to a Workers' Compensation Judge (WCJ) for correction of the WCJ's decision.

Jurisdiction relinquished.