**Cecelia JOYCE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STYLETTE PLASTICS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 1998.
Decided April 8, 1998.

Mark J. Homyak, Pittsburgh, for petitioner.

George M. Evan, Pittsburgh, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether the Workers' Compensation Appeal Board (Board) properly applied collateral estoppel to preclude Cecelia Joyce's claim that she was entitled to receive commuted partial disability benefits in the amount of $31,607.00, which the Workers' Compensation Judge (WCJ) previously granted to Stylette Plastics, Inc. (Employer) as credit against an award of total disability benefits for a separate injury.

Cecelia Joyce (Claimant) appeals an order of the Board that affirmed the WCJ's decision denying Claimant's petition to modify and review compensation benefits. We affirm.

On July 15, 1987, Cecelia Joyce (Claimant) developed Legionnaires' Disease as a result of her exposure at work to legionella bacteria. Pursuant to a notice of compensation payable, Claimant received total disability benefits at the rate of $234.00 per week based on an average weekly wage of $351.00. Claimant returned to work on December 14, 1987 and her benefits were suspended as of that date pursuant to a supplemental agreement dated October 17, 1988.

After her return to work, Claimant sustained an injury to her left wrist on January 13, 1988. Claimant again received total disability benefits pursuant to a notice of compensation payable. The parties subsequently executed a supplemental agreement establishing that Claimant's total disability related to her left wrist became partial as of August 30, 1989. Based on the supplemental agreement, Claimant received partial disability benefits at a rate of $63.22 per week. On October 24, 1989, Claimant's partial disability benefits for her wrist injury were commuted in the lump sum amount of $31,607.00 with the WCJ's approval.

On November 8, 1989, Claimant filed a reinstatement petition alleging that her total disability due to her Legionnaires' Disease recurred as of October 1, 1989. On May 28, 1992, the WCJ granted Claimant's reinstatement petition and found that Claimant was entitled to $32,459.00 in total disability benefits for the period of recurrence from October 1, 1989 until May 28, 1992. However, the WCJ also granted Employer's request that the $31,607.00 in commuted partial disability benefits for the wrist injury be credited against the $32,459.00 award for the recurring total disability related to the Legionnaires' Disease. Claimant did not appeal the WCJ's decision.

On March 9, 1995, Claimant filed a petition to modify/review compensation benefits in which she alleged that the WCJ improperly granted Employer credit in the amount of $31,607.00 and that she was entitled to that amount plus statutory interest. Claimant argued that Employer was not entitled to the credit based on our decision in *Tomlinson v. Workmen's Compensation Appeal Board (J. Baker, Inc.)*, 167 Pa.Cmwlth.329, 648 A.2d 96 (1994). In response, Employer denied the allegations and averred that Claimant waived her claim because she failed to appeal the WCJ's May 28, 1992 decision. Employer also argued that Claimant's petition was barred by the doctrines of collateral estoppel and res judicata.

On January 18, 1996, the WCJ denied Claimant's petition to modify/review compen-

sation benefits.[1] The WCJ found that Claimant was bound by the May 28, 1992 order, which became final when Claimant failed to file an appeal.[2] The WCJ also found that her decision to grant Employer credit involved a ruling on an unsettled question of substantive law rather than a mathematical error or mistake that could be corrected under Section 413(a) of The Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 771.[3] Moreover, the WCJ determined that *Tomlinson* was not decided until well after her May 28, 1992 decision and should not be applied retrospectively. Finally, the WCJ concluded that the credit issue was fully litigated in the prior proceedings and Claimant was barred by collateral estoppel from relitigating the issue through her modification/review petition. Claimant appealed but the Board affirmed the WCJ's decision. Claimant then filed the instant appeal.[4]

■ In this case, the Board determined that collateral estoppel barred Claimant from relitigating the issue of Employer's right to receive credit. The doctrine of collateral estoppel, or "issue preclusion," operates to bar relitigation of an issue of law or fact in a subsequent action "only when the following factors are demonstrated: (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; (4) and they were material to the adjudication." *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley),* 665 A.2d 538, 541 (Pa.Cmwlth.1995).

Claimant argues that her petition is not barred by collateral estoppel because the petition challenges the satisfaction of the compensation award instead of its merits. In support of her argument, Claimant relies on *Drozd v. Workmen's Compensation Appeal Board (The Lion, Inc.),* 86 Pa.Cmwlth. 364, 485 A.2d 96 (1984) for the proposition that a mistake in a prior compensation award is not irremediable even though no appeal was filed by the aggrieved party. Claimant contends that Employer was not entitled to the lump sum credit of $31,607.00 in commuted partial disability benefits related to the wrist injury that the WCJ applied against the past due total disability benefits awarded for the recurrence of Claimant's Legionnaires' Disease. Rather, Claimant argues that our decision in *Tomlinson* shows that Employer was only entitled to credit for that amount of combined benefits that exceeded the statutory maximum. Because the WCJ granted Employer credit in excess of the amount permitted under *Tomlinson,* Claimant argues that her compensation award should be corrected just as we did in *Drozd.*

In *Drozd,* the claimant suffered a work-related injury in 1972 and as a result he received total disability benefits at the rate of $60.00 per week. The employer appealed to the Board, but the Board affirmed in a decision issued in November of 1976. Neither side appealed the Board's decision. However, in December of 1980 the claimant filed a modification petition alleging that the referee used an obsolete version of Section 306(a) of the Act, 77 P.S. § 511, to determine the amount of benefits. The claimant contended that he was entitled to benefits of $86.14 per week and that the referee's error could be corrected under Section 413 of the Act. The referee denied the claimant's petition and the Board affirmed.

On appeal, we reversed and held that the referee's mechanical error in the computation

---

1. Neither party offered additional evidence on Claimant's petition to modify/review because the parties agreed that the petition only presented a question of law.

2. Under Section 423 of the Act, 77 P.S. § 853, a party has 20 days after notice of a WCJ's adjudication to file an appeal with the Board.

3. Section 413 of the Act, which is essentially divided into two paragraphs, permits a WCJ at any time to review and modify or set aside a notice of compensation payable or an agreement for compensation if it be proved that the notice

or agreement was in any material respect incorrect. We have extended Section 413 of the Act to permit a WCJ to modify a workers' compensation award to correct mechanical errors and typographical or clerical errors. *Johnson v. Workers' Compensation Appeal Board (Budd Co.),* 693 A.2d 1015 (Pa.Cmwlth.1997).

4. Our scope of review of the Board's decision is limited to a determination of whether constitutional rights have been violated, errors of law committed or whether the decision is supported by substantial evidence. 2 Pa.C.S. § 704.

of the claimant's benefits was not irremediable despite the failure to appeal. Rather, we determined that Section 413 of the Act permits a referee, now referred to as a workers' compensation judge, to modify a compensation award to correct mechanical errors in the application of the statute. *Drozd.* In support of our decision, we relied upon *Fowler v. Workmen's Compensation Appeal Board*, 38 Pa.Cmwlth. 503, 393 A.2d 1300 (1978) where a referee made a mathematical error and awarded a claimant $522.50 in medical expenses over the amount he was entitled to receive. As a result of the overpayment in *Fowler*, we directed the compensation authorities to offset the overpayment against the award to the claimant for future medical expenses.

In *Drozd*, this Court also relied on *Giannetti v. M.C. Seib Co.*, 163 Pa.Super. 530, 63 A.2d 464 (1949) and *Bush v. Lehigh Brick Co.*, 176 Pa.Super. 634, 109 A.2d 206 (1954), which were similar cases that involved mistakes in the calculation and payment of the claimants' awards. Like *Giannetti* and *Bush*, we held that *Drozd* did not concern the merits of the original award but the question of its satisfaction. Because the claimant in *Drozd* was totally disabled and entitled to compensation, he should have received $84.16 per week during total disability instead of the $60.00 per week he had been awarded. Thus, we held that it was error on the part of compensation authorities not to have modified the original award to correct the mechanical error. *Drozd.*

In the instant case, Claimant asserts that Employer was granted credit against the total disability award in excess of the amount allowed by the Act and that such error should now be corrected under the principles of *Drozd.* Claimant's argument relies on *Tomlinson*, a decision that this Court issued in 1994. In *Tomlinson*, the claimant received a commuted lump sum award of $35,000.00, representing 500 weeks of future partial disability benefits at the rate of $70.00 per week, for a work-related injury. Tomlin

son later switched jobs and suffered a separate work-related injury for which she received total disability benefits at the rate of $133.00 per week. The referee offset the $70.00 partial disability entitlement from the $133.00 total disability award because the referee reasoned that "stacking" benefits was prohibited by the Act. *Tomlinson*, 648 A.2d at 97. The Board affirmed but we reversed and held that the referee erred in categorically offsetting the claimant's apportioned, commuted partial disability compensation from her total disability entitlement. We concluded that the proper approach "is to impose a credit only for that amount of the combined benefits that exceeds the statutory maximum." *Id.* at 98. Because the combined awards did not exceed the statutory maximum, the employer was not entitled to the $70.00 credit.

Although the WCJ's decision in this case to award credit of $31,607.00 to Employer appears at first glance to have been in error under *Tomlinson*,[5] we disagree with Claimant that the instant case requires a modification as permitted by *Drozd. Drozd* and the cases that it relied upon involved mathematical or mechanical errors in the application of the Act. However, the WCJ in this case did not make a mathematical or mechanical error in applying the Act, but instead she addressed a question of law that was unsettled at the time and not specifically addressed by the Act.

■ At the time of the WCJ's decision on May 28, 1992, *Tomlinson* had not yet been decided. Although Section 306(a) of the Act limited total disability not to exceed the statutory maximum, the Act did not address, nor had any court addressed, the issue raised in *Tomlinson*. Indeed, this Court acknowledged in *Tomlinson* that it was faced with the "novel issue" of whether a claimant was entitled to recover total disability benefits in addition to commuted partial disability benefits, representing a loss of earnings for a separate injury overlapping the total disabili

---

**5.** According to Claimant, the statutory maximum applicable to her total disability for the recurrence of her 1987 Legionnaires' Disease was $361.00. Claimant contends that she clearly does not exceed the statutory maximum because

her commuted partial disability as apportioned was $63.22 per week and her total disability compensation for the recurrence of her Legionnaires' Disease was $234.00 per week.

ty period. Had Claimant filed an appeal from the WCJ's May 28, 1992 decision, the Court may have been able to address much earlier the substantive legal issue later raised in *Tomlinson*. Because the issue raised by Claimant in her petition to modify/review was a question of law rather than a simple mechanical error in statutory application, the WCJ was not required to apply *Tomlinson* retrospectively and modify the award under *Drozd*.

Moreover, we agree with Employer that collateral estoppel bars Claimant's petition to modify/review compensation. In an effort to avoid the effects of collateral estoppel, Claimant argues that through her petition she seeks only to determine whether her prior award of benefits was satisfied rather than challenge the merits of that decision. However, Claimant's argument fails because this argument is simply another attempt to convince us to apply *Drozd* to this case, a proposition that we have already rejected. Also, Claimant's petition is essentially a collateral attack on the WCJ's decision of May 28, 1992, which is procedurally prohibited by her failure to appeal and by collateral estoppel.

■ After our review of the record in this case, we conclude that the elements of collateral estoppel set forth in *PMA Insurance Group* have been satisfied. The issue of credit was raised and litigated in the proceedings on Claimant's reinstatement peti-

tion, which was filed in November of 1989. Employer raised the credit issue in its answer to Claimant's reinstatement petition, requesting that credit for the commuted partial disability award be given against the total disability related to the recurrence of Legionnaires' Disease. Apparently, the issue of credit was even addressed by Claimant in her brief in the prior reinstatement litigation. The WCJ rejected Claimant's position on the credit issue and granted Employer a credit of $31,607.00 against the total disability award of $32,459.00. Based on the final award, the credit issue was certainly an essential consideration in the WCJ's final decision of May 28, 1992. Therefore, the Board correctly applied the doctrine of collateral estoppel to bar Claimant's petition.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 8th day of April, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.