**Jeffrey LAMB, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PRECISION COATINGS OF AMERICA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 26, 1998.

Decided Nov. 9, 1998.

15. Section 5704 of the Wiretapping Act, 18 Pa. C.S. § 5704.

Neal R. Cramer, Pittsburgh, for petitioner.

Patrick J. Shannon, Murrysville, for respondent.

Before COLINS, President Judge, and KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Jeffrey Lamb (claimant) petitions for review of an order of the Workers' Compensation Appeal Board. The board affirmed the workers' compensation judge's (WCJ) decision to modify claimant's average weekly wage from the date claimant filed his petition for review. We vacate and remand.[1]

Claimant sustained a work-related injury to his left knee on October 3, 1990, while in the course and scope of his employment for Precision Coatings of America (employer). Pursuant to a notice of compensation payable dated January 25, 1991, employer commenced payment of workers' compensation benefits at the rate of $348.72 per week based upon an average weekly wage of $523.06.

Claimant filed a petition to review the notice of compensation payable on June 8, 1995, alleging that the average weekly wage had been miscalculated. By decision circulated June 18, 1996, the WCJ concluded that claimant's average weekly wage had been miscalculated and ordered claimant's benefit rate to be increased to $419 per week based upon an average weekly wage of $670.00. The WCJ ordered employer to pay benefits at the amended rate effective June 6, 1995, the date claimant filed the petition to review.

Claimant filed a timely appeal with the board asserting that the adjustment in his average weekly wage rate should be effective from the date of the work injury, October 3, 1990, rather than from the date claimant filed the petition to review the notice of compensation payable. The board affirmed the decision of the WCJ by order dated January 13, 1998. The board stated that it is within the WCJ's discretion to grant relief beyond that requested in the petition for review. Due to the lack of evidence establishing that claimant sought to have his average weekly wage increased prior to June 6, 1995, the board concluded that the WCJ properly exercised his discretion. This appeal followed.[2]

Although we recognize that the granting of relief beyond that requested in a petition is, at times, within the WCJ's discretion, this matter is not controlled by that legal principle. Instead, relevant sections of the Workers' Compensation Act[3] (Act), considered in conjunction with existing legal principles and policy, dictate that claimant recover for the modification of his average weekly wage from the date of the work injury.

Initially, we note that section 413 of the Act, 77 P.S. § 771, empowers a WCJ to take *appropriate* action when the evidence of record indicates that a notice of compensation payable is in some way materially incorrect.[4] *See Birmingham Fire Insurance Co. v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96 (Pa.Cmwlth.1995) (emphasis added). Given the fact that claimant is unquestionably entitled to total disabil-

---

1. This matter was reassigned to the author on October 6, 1998.

2. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, error of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

3. Act of June 2, 1915, P.L.736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

4. Specifically, Section 413 of the Act provides:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

ity benefits and that the WCJ concluded that claimant's average weekly wage had been miscalculated, the appropriate action in this matter would have been for the WCJ to abide by section 301(a) of the Act, 77 P.S. § 431.

Section 301(a) of the Act provides in relevant part:

Every employer *shall be liable* for compensation for personal injury to, or for the death of each employee, by an injury in the course of his employment, and such compensation *shall be paid* in all cases by the employer, without regard to negligence, according to the schedule contained in sections three hundred six and three hundred and seven of this article. (Emphasis added.)

Since the schedule of compensation included in section 306(a)(1) of the Act, 77 P.S. § 511(1), provides that total disability benefits are to be paid at "sixty-six and two-thirds per centum of the wages of the injured employe as defined in section 309 beginning after the seventh day of total disability," the WCJ committed a legal error when he precluded claimant's full recovery of unpaid total disability benefits from the date of his work injury.

In addition, this court, relying on equity principles, has applied the modification of a claimant's average weekly wage due to a mathematical error to the *entire* original award of compensation, thereby requiring an employer to fully reimburse claimant for underpayment of total disability benefits.[5] *See Drozd v. Workmen's Compensation Appeal Board (The Lion, Inc.)*, 86 Pa.Cmwlth. 364, 485 A.2d 96 (Pa.Cmwlth.1984). Likewise, we have allowed an employer to fully recoup workers' compensation benefits overpaid to a claimant pursuant to a supplemental agreement which included an erroneous average weekly wage. *See Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987). In the interest of fairness and precedent, we conclude that claimant is entitled to recover underpaid total disability benefits from the date of his work injury.

Accordingly, the order of the board is vacated and this matter is remanded to the board with instructions to remand to the WCJ. The WCJ is directed to calculate the underpayment of claimant's total disability benefits from the date of the work injury based on claimant's modified average weekly wage.

### ORDER

AND NOW, this 9th day of November, 1998, the order of the Workers' Compensation Appeal Board, dated January 13, 1998, at No. A96–2520, is vacated and this matter is remanded to the Workers' Compensation Appeal Board with instructions to remand to the Workers' Compensation Judge. The Workers' Compensation Judge is directed to calculate the underpayment of claimant's total disability benefits from the date of the work injury based on claimant's modified average weekly wage.

Jurisdiction relinquished.

Dissenting opinion by Senior Judge McCLOSKEY.

McCLOSKEY, Senior Judge, dissenting.

I respectfully dissent. In the instant action, Mr. Lamb's (Claimant) petition sought review of compensation benefits and asserted that there had been a miscalculation of his average weekly wage. Furthermore, the petition requested an adjustment of Claimant's benefits to begin as of June 6, 1995. The Workers' Compensation Judge (WCJ) made just such an award.

On appeal, this Court's scope of review is limited to a determination of whether there was an error of law or an abuse of discretion was committed and whether the WCJ's findings of fact are based upon substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Cmwlth. 83, 596 A.2d 1237 (Pa.Cmwlth.1991); *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.

---

**5.** We also note that it is the well established policy of this Commonwealth that the Workers' Compensation Act is remedial in nature and is to be liberally construed to effectuate its humanitar-

ian purpose. *See Harper & Collins v. Workmen's Compensation Appeal Board (Brown)*, 543 Pa. 484, 672 A.2d 1319 (1996).

436, 550 A.2d 1364 (1988). Thus, we must determine whether the WCJ's decision to not award Claimant relief beyond that requested in his petition was an abuse of discretion. I assert that it was not.

Section 413 of the Workers' Compensation Act (Act)[1] provides that:

A workers' compensation judge *may*, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect. (Emphasis supplied.)

Presently, the majority opinion changes the interpretation of Section 413 from "may review and modify or set aside" to "must review and modify or set aside." Although it was within the WCJ's discretion to look beyond the terms of the petition, I cannot say that the WCJ abused his discretion when he awarded Claimant precisely *what he requested* in his petition.

Accordingly, I would have affirmed the determination of the Workers' Compensation Appeal Board.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77    P.S. § 771.