854 A.2d 411

**U.S. AIRWAYS and Reliance National c/o Sedgwick Claims Management Services**

v.

**WORKERS' COMPENSATION APPEAL BOARD (RUMBAUGH).**

**Appeal of Linda Rumbaugh.**

Supreme Court of Pennsylvania.

Argued Sept. 8, 2003.

Decided July 20, 2004.

458

Kevin Regis O'Malley, Pittsburgh, for Linda Rumbaugh, appellant.

Samuel H. Pond, Philadelphia, for Pennsylvania Trial Lawyers Ass'n, appellant amicus curiae.

Patricia Lynn Wozniak, Kimberly Anne Zabroski, Pittsburgh, for US Airways, appellee.

Amber Marie Kenger, Mechanicsburg, Richard C. Lengler, Harrisburg, for W.C.A.B., appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION OF THE COURT

Justice NIGRO.

This workers' compensation case concerns the scope of a special supersedeas hearing on a claimant's challenge to an insurer's notice of suspension of benefits brought pursuant to section 413(c) of the of the Workers' Compensation Act (the "Act"),[1] 77 P.S. § 774.2. Specifically, we are asked to resolve whether the workers' compensation judge ("WCJ") properly found as part of her decision on such a challenge that in addition to suspending the claimant's benefits during the term of her re-employment, the insurer was entitled to continue to suspend the claimant's benefits after her re-employment ended. Based on the factual scenario in the instant case, we hold that the WCJ properly found that the insurer was entitled to such a suspension.

On August 26, 1999, Appellant Linda Rumbaugh ("Claimant") fell and injured herself while working as a flight attendant for Appellee U.S. Airways ("Employer").[2,3] She sought

1. Act of June 2, 1915, P.L. 736 (as amended, 77 P.S. §§ 1–1041.1).

2. As U.S. Airways and its insurer, Reliance National, have filed this appeal together, and neither the parties' pleadings nor the opinions below distinguish between U.S. Airways and Reliance National, we shall use the term "Employer" to refer to both U.S. Airways and Reliance National.

3. At the time she fell, Claimant had been a flight attendant for Employer for twenty years. According to Claimant, she fell because she

treatment from two different doctors, John Metcalf, M.D. and Brent Ednie, M.D., both of whom found that Claimant could not return to work in any capacity. Employer subsequently issued a notice of compensation payable ("NCP"), agreeing to pay Claimant total disability benefits of $511.02 per week while she remained out of work due to her injuries. According to the NCP, those injuries were limited to an acute cervical trapezius strain and a left shoulder contusion.[4] On October 27, 1999, Dr. Ednie released Claimant to return to work without any limitations and two days later, Claimant started working as a flight attendant for Employer again.

Based on Claimant's full return to work, on November 1, 1999, Employer filed a notice to suspend her benefits pursuant to section 413(c) of the Act, which provides as follows:

> Notwithstanding any provision of this act, an insurer may suspend the compensation during the time the employe has returned to work at his prior or increased earnings upon written notification of suspension by the insurer to the employe and the department, on a form prescribed by the department for this purpose. The notification of suspension shall include an affidavit by the insurer that compensation has been suspended because the employe has returned to work at prior or increased earnings. The insurer must mail the notification of suspension to the employe and the department within seven days of the insurer suspending compensation.

> (1) If the employe contests the averments of the insurer's affidavit, a special supersedeas hearing before a workers' compensation judge may be requested by the employe

tripped over a colleague's feet while attempting to get in her jump seat during a flight's takeoff. *See* WCJ Hearing, 12/15/1999, at 16. Claimant further explained that, as she was falling back onto the floor of the plane, she caught herself with her hand, hurting her neck, back, and shoulder. *See id.;* WCJ Hearing, 2/4/2000, at 16.

**4.** The trapezius is a large muscle that extends from the back of the neck to the shoulders.

indicating by a checkoff on the notification form that the suspension of benefits is being challenged and filing the notification of challenge with the department within twenty days of receipt of the notification of suspension from the insurer. The special supersedeas hearing shall be held within twenty-one days of the employe's filing of the notification of challenge.

(2) If the employe does not challenge the insurer's notification of suspension within twenty days under paragraph (1), the employe shall be deemed to have admitted to the return to work and receipt of wages at prior or increased earnings. The insurer's notification of suspension shall be deemed to have the same binding effect as a fully executed supplemental agreement for the suspension of benefits.

77 P.S. § 774.2. After filing the notice of suspension, Employer also stopped paying Claimant benefits, as permitted by section 413(c).

On November 13, 1999, Claimant called out sick from work. Nine days later, on November 22, 1999, Claimant filed a challenge to Employer's notice of suspension pursuant to section 413(c)(1). Subsequently, on December 14, 1999, Employer filed a section 413(a) petition to suspend Claimant's benefits on the basis that Claimant was fully capable of returning to her position with Employer.[5] In its petition, Employer also requested a supersedeas pursuant to section 413(a.2) of the Act, which gives a workers' compensation judge discretion to suspend a claimant's benefits pending her decision on the suspension petition if she finds, after a review of any evidence submitted with the petition or any other relevant evidence, that the employer is entitled to such a suspension.[6]

**5.** Section 413(a) directs an employer to file a petition where it seeks a workers' compensation judge's order modifying, suspending, or terminating a NCP or agreement to provide benefits. *See* 77 P.S. § 772.

**6.** Specifically, section 413(a.2) provides:

[A] petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the

On December 15, 1999, the WCJ held a hearing on Claimant's challenge to Employer's notice of suspension. During that hearing, Claimant introduced all of her medical records since her August 1999 fall. Claimant also testified, explaining that when she returned to work in October 1999, her neck and shoulder injuries had resolved, but her lower back was sore. *See* WCJ Hearing, 12/15/1999, at 9. In addition, she stated that her leg became numb while she was working on a flight on November 13, 1999. *See id.* Accordingly, following the November 13th flight, Claimant called out sick from work and scheduled an appointment with Dr. Metcalf regarding her lower back and leg problems. *See id.* at 10. After examining Claimant, however, Dr. Metcalf concluded that she remained fully capable of returning to work. *See id.* Claimant then went to see Dr. Ednie, who also determined that Claimant was capable of returning to work without limitations. *See id.* In spite of the doctors' findings, Claimant testified that she remained on sick leave from work and was being treated by a new doctor for her lower back and leg problems. *See id.* at 15–16. Based on this testimony, Employer argued that Claimant was no longer disabled due to her August 1999 fall because she was out of work due only to her lower back and leg injuries, which were not referenced in the NCP related to the August 1999 fall. *See id.* at 18. The WCJ, finding that an issue existed regarding whether Claimant's lower back and leg injuries were related to her original fall, rescheduled the supersedeas hearing for another date. *See id.* at 19–20. Neither party objected to the rescheduling.

On February 4, 2000, the WCJ held a second supersedeas hearing on Claimant's challenge to Employer's notice of sus-

case. A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The workers' compensation judge hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition. The workers' compensation judge hearing the case may consider any other fact which he deems to be relevant when making the decision on the supersedeas request and the decision shall not be appealable. 77 P.S. § 774.

pension. The WCJ noted at the hearing that she had been assigned Employer's section 413(a) suspension petition with its section 413(a.2) request for a supersedeas pending her decision on the suspension petition.[7,8] Given this new assignment, she stated that she would rule first on Claimant's challenge to Employer's notice of suspension and then on Employer's section 413(a.2) request for a supersedeas. *See* WCJ Hearing, 2/4/2000, at 10. During the hearing, both Employer and Claimant offered additional medical records regarding Claimant's treatment since she had been released in October 1999 to return to work. Claimant also testified again and reiterated her earlier testimony that she was not working because of low back pain and numbness in her left leg. *See id.* at 20–21, 29–31. She further testified that she believed that her back problems stemmed from her August 1999 fall. *See id.* at 21. Employer, however, continued to contest any relationship between Claimant's current problems and the August 1999 fall. *See id.* at 25–30. At the conclusion of the hearing, the WCJ announced that she would make a decision "together" on both Claimant's challenge to Employer's notice of suspension and Employer's section 413(a.2) request for a supersedeas "and then [issue] a separate Supersedeas order." *Id.* at 41.

On February 15, 2000, the WCJ issued a decision and order denying Claimant's challenge to Employer's notice of suspension. The WCJ stated that based on her review of the evidence, she found that "the claimant was appropriately returned to work on October 29, 1999, and that she did in fact return to work at wages equal to her time of injury average weekly wage." WCJ Op., 2/15/2000, at 3. Accordingly, the WCJ found that Employer had properly established that it was entitled to suspend Claimant's benefits pursuant to its notice of suspension as of October 29th. *See* 77 P.S. § 774.3 ("an insurer may suspend the compensation during the time

7. Although Employer filed the suspension petition on December 14, 1999, it had apparently not been assigned to the WCJ as of the December 15th hearing. *See* WCJ Hearing, 12/15/1999, at 6.

8. During the hearing, the WCJ agreed to allow Employer to amend the suspension petition into a termination petition. *See* WCJ Hearing, 2/4/2000, at 6.

the employe has returned to work at his prior or increased earnings"). The WCJ further determined that although Claimant stopped working after November 13, 1999, Employer had proved that it was entitled to continue to suspend Claimant's benefits after that date because Claimant's "excuses [for not working] after November 13, 1999, are for reasons which are not related to her work injury of August 26, 1999, as reflected by the notice of compensation payable."[9] *Id.* Based on this latter determination, on the same day that she entered her order on Claimant's challenge, the WCJ entered a separate order granting Employer's section 413(a.2) request for a supersedeas pending her decision on Employer's suspension petition, which had been amended into a termination petition, *see supra* n. 8.[10] Claimant appealed from the WCJ's order on her challenge, arguing that the WCJ had improperly found that Employer could suspend her benefits after she stopped working on November 13th.

On September 25, 2001, the Workers' Compensation Appeal Board (the "Board") entered an opinion and order affirming in part and reversing in part the WCJ's decision. According to the Board, the only relevant inquiry for a workers' compensation judge deciding a claimant's challenge to an employer's

9. Specifically, the WCJ stated:

A thorough review of the medical evidence from the date of the claimant's injury through her last day of work on November 13, 1999, and in the remaining weeks of 1999, reflects that there is a significant question regarding the claimant's lower back complaints. The only acknowledged injury on the notice of compensation payable is based on the very first medical report which occurred within days of the claimant's injury. It refers to acute cervical, left trapezius and left shoulder contusions and strains and the claimant was released to return to work on the basis of her recovery from that injury and she did in fact return to work on the basis of her recovery from that injury and she did in fact return to work on October 29, 1999. I do not find that the claimant's testimony that her injury included anything other than that which is covered by the notice of compensation payable to be credible. Whether or not a new injury occurred during her physical therapy remains to be decided in a subsequent decision on a review petition and is not the proper subject of a challenge petition.

WCJ Op., at 3.

10. The WCJ ultimately granted Employer's termination petition on March 23, 2001.

notice of suspension is whether the claimant has returned to work with wages equal to or greater than her pre-injury wages, as the employer has alleged in its notice of suspension, and the duration of such a return. Thus, the Board determined that Employer had properly suspended Claimant's benefits pursuant to the notice of suspension on October 29, 1999, because it was undisputed that Claimant had returned to work without a wage loss as of that date. Unlike the WCJ, however, the Board refused to continue that suspension beyond November 13th, when Claimant stopped working, based on its view that an employer can only suspend a claimant's benefits pursuant to a notice of suspension if the claimant is working. Accordingly, the Board affirmed the WCJ's decision insofar as it suspended Claimant's benefits between October 29th and November 13th, but reversed the decision insofar as it permitted Employer to suspend Claimant's benefits after November 13th. Notably, in making its decision, the Board did not consider the fact that the WCJ had been assigned Employer's separate section 413(a) petition for termination with a section 413(a.2) request for a supersedeas while she was considering Claimant's challenge.

Employer appealed to the Commonwealth Court, which reversed the Board, stating that it could not "agree that a special supersedeas hearing pursuant to a challenge under Section 413(c) is limited to the questions of whether the employee has returned to work without a wage loss, when the employee returned to work and the length of time that the employee remained working." *U.S. Airways & Reliance National v. Workers' Compensation Appeal Bd. (Rumbaugh)*, 808 A.2d 1064, 1068 (Pa.Commw.2002). Instead, relying on a recent decision of the Board in *Webb v. Haddon Craftsman*, 2000 WL 655420 (Pa.Work.Comp.App.Bd. May 5, 2000), the Commonwealth Court found that a claimant's challenge to an employer's notice of suspension effectively converts the em-

ployer's notice into a request for a supersedeas.[11,12] *See U.S.*

11. In *Webb*, the workers' compensation judge granted the claimant's challenge to the employer's notice of suspension. In doing so, however, the judge noted that the claimant's challenge had actually converted the employer's notice into a request for a supersedeas, and thus, in granting the challenge, he was also denying the request for a supersedeas. The judge, however, refused to also treat the employer's notice of suspension as a petition for suspension, instead requiring the employer to file a separate petition for suspension. The employer appealed, arguing that the judge's failure to treat the notice of suspension as a suspension petition would prejudice its right to seek reimbursement from the supersedeas fund if it was ultimately successful on its suspension petition. *See* 2000 WL 655420, at *1 (referring to 77 P.S. § 999 which grants an insurer the right to seek reimbursement from a supersedeas fund where the insurer is initially denied a supersedeas, but it is ultimately determined that the supersedeas should have been granted).

The Board agreed with the judge that a claimant's challenge converted an employer's notice into a request for a supersedeas. *See id.* at *2. However, the Board also found that the judge had improperly refused to treat Employer's notice as a petition for suspension after he had granted Claimant's challenge petition. The Board found that to adequately protect an employer's right to seek reimbursement from the supersedeas fund where a claimant's challenge is granted and an employer's request for a supersedeas is thereby denied, the employer "should be left in the position of having an open suspension petition before the Judge which it may either litigate or withdraw, with the Judge's order granting the challenge constituting a denial of the defendant's request for supersedeas on such petition." *Id.* One Board member, Susan McDermott, dissented, stating that the plain language of section 413(c) "indicates that the purpose of a supersedeas hearing is limited to resolution of a contest regarding the allegations in [the] insurer's affidavit." *Id.* at *4. Furthermore, Ms. McDermott found that, contrary to the majority's finding, converting a notice of suspension into a request for a supersedeas and a suspension petition was not necessary to protect an employer's right to seek reimbursement from the supersedeas fund because when an employer files a section 413(c) notice of suspension, it can always also file a separate suspension petition with a request for a supersedeas to protect its right to seek recovery from the supersedeas fund if the claimant's challenge is granted. *See id.*

12. Like the Board, the Commonwealth Court did not consider the fact that after Claimant challenged Employer's notice of suspension, Employer filed a separate petition for termination with a request for a supersedeas. Further, in finding that a claimant's challenge converted an employer's notice of suspension into a request for a supersedeas, the court did not specify whether a claimant's challenge converted an employer's notice of suspension into an automatic request for a supersedeas pursuant to section 413(a.1) or a general request for a supersedeas pursuant to section 413(a.2). Nevertheless, logic leads us to conclude that the majority intended the notice to be converted into a request for a supersedeas pursuant to section 413(a.2) because that request may be based on allegations that the claimant is capable of

*Airways,* 808 A.2d at 1068. The court held that this approach was consistent not only "with the longstanding rule in workers' compensation cases that the form of a petition should not be controlling[,]" but also with the principle that "the Act is to be liberally construed to effectuate its humanitarian objectives." *Id.* According to the court, "it makes no sense to require a WCJ to turn a blind eye to evidence that the employer is entitled to a supersedeas when all of the parties are already assembled before him or her for an expedited hearing." *Id.*

The Commonwealth Court then found that Employer was clearly entitled to unilaterally suspend Claimant's benefits pursuant to section 413(c) between October 29th and November 13th because she returned to work without a loss of wages during that time. The court further determined that there was no dispute that when Claimant stopped working on November 13th, "Employer could not unilaterally suspend [her] benefits pursuant to Section 413(c) of the Act." *See id.* at 1069. Nevertheless, the court concluded that Claimant's challenge to Employer's notice of suspension automatically converted Employer's notice into a request for a supersedeas and thus, the WCJ had correctly considered whether Employer was entitled to suspend Claimant's benefits as of November 13th pursuant to the converted request for a supersedeas. *See id.* The court additionally concluded that the WCJ had properly granted Employer a supersedeas as of November 13th based on the WCJ's findings that Claimant was fully capable of returning to work on that date and that Claimant's remaining injuries were unrelated to her August 1999 fall. *See id.*

Senior Judge Kelley dissented. In his view, the majority improperly found that Claimant's challenge converted Employer's notice of suspension into a request for a supersedeas because the Act requires a completely different procedure for a section 413(c) notice of suspension than it does for a request for a supersedeas.[13] Judge Kelley noted that section 413(c)

returning to work whereas an automatic request for a supersedeas pursuant to section 413(a.1) must be based on allegations that the claimant has fully recovered. *See* 77 P.S. § 774.

13. Judge Kelley seemed to assume that the majority intended a claimant's challenge to convert an employer's notice of suspension into a

"confers upon an employer the power to unilaterally suspend a claimant's compensation benefits, without a prior hearing or a WCJ's determination, based upon an allegation that the claimant has returned to work at his prior or increased wages." *Id.* at 1072. Judge Kelley then pointed out that, in contrast to a section 413(c) notice of suspension, a request for a supersedeas does not permit the unilateral suspension of benefits, but rather, an employer must file a request for a supersedeas along with a section 413(a) petition for the modification, suspension, or termination of benefits, and then await a workers' compensation judge's determination as to whether the requested suspension pending the judge's decision on the section 413(a) petition is warranted. *Id.* at 1071. Judge Kelley also explained that a workers' compensation judge may determine that an employer is entitled to a suspension pursuant to a request for a supersedeas for any number of reasons and based on any relevant evidence, whereas section 413(c) makes clear that the only reason for which an employer may unilaterally suspend a claimant's benefits is that the claimant has returned to work without a loss of earning power. *See id.* at 1071–72. Given these differences between a section 413(c) notice of suspension and a request for a supersedeas, Judge Kelley determined that the former could not simply be automatically converted into the latter. *See id.* at 1073. Rather, Judge Kelley concluded that where an employer wants to suspend a claimant's benefits for reasons unrelated to those permitted by section 413(c), the employer must formally file a petition for suspension and a request for a supersedeas. *See id.*

Following the Commonwealth Court's decision, Claimant filed a petition for allowance of appeal with this Court, which we granted. She now argues that the Commonwealth Court erred as a matter of law in concluding that the WCJ could treat Employer's notice of suspension as a request for a supersedeas and thereby find that Employer was entitled to

section 413(a.1) automatic request for a supersedeas. However, as stated above, *see supra* n. 12, it is more logical that the majority intended a claimant's challenge to convert the notice into a section 413(a.2) request for a supersedeas.

suspend her benefits after November 13, 1999, for reasons other than because she had returned to work. According to Claimant, her right to due process of law was violated by the WCJ's decision because she had no notice that Employer would be entitled to suspend her benefits for reasons other than those stated in its notice of suspension.[14]

 A workers' compensation judge's adjudication may only be reversed if the judge committed an error of law, violated a party's constitutional rights, or made findings of fact that are not supported by substantial evidence. *See* 2 Pa.C.S. § 704; *Daniels v. Workers' Compensation Appeal Bd. (Tristate Transport)*, 574 Pa.61, 828 A.2d 1043, 1046 (2003). However, in reviewing a workers' compensation judge's adjudication to determine if a legal or constitutional error was made,

14. Claimant also argues that the WCJ's decision denying her challenge was improper because it was not issued within 14 days of the WCJ's first hearing on the challenge as required by 34 Pa.Code § 131.50a. *See* 34 Pa.Code § 131.50a ("If the judge ... fails to issue a written order approving the suspension or modification of benefits within 14 days of the [challenge] hearing, the insurer shall reinstate the employee's workers' compensation benefits [at the rate the employee received before the suspension]."). However, we disagree that the WCJ's decision violated the time requirements in 34 Pa.Code § 131.50a when Claimant never objected to the WCJ's decision to delay her decision and hold a second hearing on Claimant's challenge, and the WCJ's decision on February 15th was made within 14 days of the second hearing on February 4th.

Claimant additionally argues that if her challenge to Employer's notice of suspension converted the notice into a section 413(a.1) automatic request for a supersedeas, as the Commonwealth Court found, the WCJ erroneously granted Employer's request because she did not issue her decision within seven days of the hearing on the request as required by section 413(a.1) and the regulation concerning that section, 34 Pa.Code § 131.49. *See* 34 Pa.Code § 131.49 ("If the judge to whom the special supersedeas request has been assigned ... fails to issue a written order within 7 days of the hearing [on] the supersedeas request, the automatic request for a supersedeas will be deemed denied."). However, we see no need to review this claim because, as explained above, *see supra* n. 12, we presume that Claimant's challenge did not convert Employer's notice of suspension into a section 413(a.1) request for a supersedeas. Moreover, although we ultimately hold that the WCJ properly denied Claimant's benefits after November 13, 1999 based on Employer's section 413(a.2) request for a supersedeas, the time restraints in section 413(a.1) and 34 Pa.Code § 131.49 do not apply to a section 413(a.2) supersedeas request.

as we are asked to do in the instant case, our standard of review is plenary. *See Daniels*, 828 A.2d at 1046–47. Moreover, if such a review involves the interpretation of a statute, we must be mindful that where the words in that statute are "clear and free from all ambiguity," the statute should be interpreted solely from the plain meaning of its words. 1 Pa.C.S. § 1921.

Here, we find that the language used in section 413(c) is clear and unambiguous. Accordingly, in interpreting the section, we must simply give effect to its language. As noted above, section 413(c) grants insurers the right to immediately suspend a claimant's benefits where the claimant has returned to work without a wage loss. *See* 77 P.S. § 774.2. The insurer is not required to first provide notice to the claimant of the suspension or seek preliminary approval from a workers' compensation judge. *See id.* Rather, section 413(c) only directs that within seven days after the date it first suspends the claimant's benefits, an insurer must mail to both the claimant and the Department of Labor and Industry (the "Department") a notification of suspension with an affidavit from one of its representatives stating that the claimant has returned to work at earnings equal to or greater than her pre-injury wages. *See id.* If the claimant does not notify the Department that she wishes to challenge the notice within twenty days after the date she received it, she will be deemed to have admitted the insurer's assertions that she has returned to work without a wage loss and the notice of suspension "shall be deemed to have the same binding effect as a fully executed supplemental agreement for the suspension of benefits." *Id.* On the other hand, "[i]f the [claimant] contests the averments in the insurer's affidavit, a special supersedeas hearing before a workers' compensation judge may be requested by the [claimant] indicating by a checkoff on the notification form that the suspension of benefits is being challenged and filing the notification of challenge with the department within twenty days of receipt of the notification of suspension from the insurer." *Id.* Section 413(c) does not

elaborate any further regarding the claimant's challenge or the special supersedeas hearing.

■ As section 413(c) states that a special supersedeas hearing will only be held where a claimant indicates that she wishes to challenge the insurer's suspension of her benefits pursuant to its notice of suspension, it is clear that the General Assembly intended the suspension hearing to involve just that: the claimant's challenge to the insurer's notice of suspension. Moreover, as an insurer may only suspend a claimant's benefits pursuant to a notice of suspension where the claimant has returned to work without a wage loss, we agree with the Board that the only relevant questions in the special supersedeas hearing on the claimant's challenge are whether: (1) the claimant has indeed returned to work without a wage loss as the insurer has averred; (2) she returned as of the date the insurer issued the notice of suspension and started suspending her benefits; and (3) she is still currently working without a wage loss.[15]

Employer argues, however, that if a section 413(c) special supersedeas hearing on a claimant's challenge is limited to the above three issues, it will be denied a full and fair evidentiary hearing. According to Employer, where the circumstances are similar to those in the instant case, i.e., the claimant initially returned to work without a wage loss, but stopped working again soon thereafter, it has a right to inquire into why the claimant stopped working and thereby prove that it is entitled to suspend the claimant's benefits for reasons other than because the claimant has returned to work without a wage loss. Employer contends that it must be permitted such a right because otherwise it will be forced to pay a claimant benefits in situations where the claimant is not rightfully entitled to such benefits.

While we understand Employer's concerns, we nevertheless cannot agree with Employer that it has an automatic right to open up a section 413(c) special supersedeas hearing to issues

---

**15.** Of course, the insurer has the burden of proving that the above three qualifications required for it to suspend a claimant's benefits pursuant to a notice of suspension are satisfied.

concerning whether it may suspend a claimant's benefits for reasons outside of the one permitted by section 413(c). As Claimant notes, because a claimant enters a section 413(c) special supersedeas hearing only expecting to challenge an insurer's notice of suspension, if an insurer were permitted to open up the hearing to any number of reasons why it is entitled to suspend the claimant's benefits, the claimant would be unfairly surprised and her ability to defend herself would clearly be prejudiced.[16] Moreover, the Act specifically provides a distinct set of procedures for an insurer to follow where it wishes to suspend a claimant's benefits for reasons other than because the claimant has returned to work without a loss of earning power. We must therefore presume that the General Assembly meant for these procedures to be followed where an insurer wants to suspend a claimant's benefits for reasons outside of section 413(c). *See* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all of its provisions.").

Although the Commonwealth Court below recognized that the Act requires a different set of procedures for an employer to follow when it wants to suspend a claimant's benefits for reasons outside of section 413(c), it nevertheless found that a notice of suspension should be automatically converted into a request for supersedeas. In doing so, the Commonwealth Court did not take into account that there can be no viable request for a supersedeas in the absence of a petition for modification, suspension, or termination, as it did not even acknowledge that a request for a supersedeas is merely a request for a temporary suspension of benefits until the WCJ decides the accompanying petition. Furthermore, the Commonwealth Court apparently presumed that any time a claimant leaves a job that gave rise to an employer's section 413(c) notice of suspension, the employer will be interested in establishing that it is entitled to suspend the claimant's benefits for

---

16. In contrast, when an employer files a suspension petition with a request for supersedeas, the employer sets forth the reasons for such a suspension in its petition, and thus, a claimant has appropriate notice of the reasons why the employer is seeking the supersedeas pending a decision on its suspension petition.

reasons outside of section 413(c) at the supersedeas hearing on the claimant's challenge. However, we do not believe that such a presumption is valid. In fact, in certain cases, the employer may be resigned to resuming the payment of benefits and in other cases, it may prefer to file a separate petition for modification, suspension, or termination with a request for supersedeas at a later date, after it has had an opportunity to ascertain all of the relevant facts regarding the Claimant's latest departure from the workforce. As such, it is clear that the decision of how to proceed should be the employer's and instead of automatically converting the notice of suspension, the WCJ should permit the employer to signal how it desires to proceed, by either filing a separate petition for suspension with a request for supersedeas or choosing not to do so.

Thus, we hold that where an employer has suspended a claimant's benefits pursuant to a section 413(c) notice of suspension and the claimant subsequently stops working and files a challenge to the employer's notice, the employer must file a section 413(a) petition for suspension with a request for a supersedeas to protect its right to continue to suspend the claimant's benefits after the time the claimant stopped working. The employer may present such a petition to the claimant and the workers' compensation judge prior to or at the supersedeas hearing on the claimant's challenge petition, and if the judge finds that the claimant would not be prejudiced by the introduction of evidence on the matter, the judge may permit the employer to present evidence on its request for a supersedeas at the hearing.

In the instant case, Employer had filed a petition for suspension with a section 413(a.2) request for a supersedeas before the WCJ held either of the two supersedeas hearings on Claimant's challenge to Employer's notice of suspension. Moreover, at the hearings, Claimant testified that the only injuries keeping her from returning to work after November 13, 1999 were her lower back and leg problems, and that those problems were related to her August 1999 fall. She also presented multiple medical records to establish that her lower

back strain was related to her August 1999 fall. Given that Claimant voluntarily presented this medical evidence to show her continuing entitlement to benefits, she cannot now claim that she was prejudiced or otherwise denied due process of law when the WCJ permitted Employer to introduce its own medical evidence that rebutted Claimant's evidence and supported its pending supersedeas request to suspend Claimant's benefits after November 13, 1999.

■ In sum, under the circumstances of this case, where Employer appropriately filed a petition to suspend Claimant's benefits and an accompanying request for a supersedeas and Claimant's own actions demonstrated that she was not hampered in her ability to litigate the request for a supersedeas in conjunction with her challenge to Employer's earlier notice of suspension, the WCJ did not err in considering Claimant's challenge and Employer's request for a supersedeas in a single proceeding. Moreover, the WCJ was entitled to ultimately grant Employer supersedeas relief pursuant to its request for a supersedeas based on the evidence submitted at the hearings. Thus, the Commonwealth Court's order is affirmed, although on a different basis.

Former Justice LAMB did not participate in the decision of this case.

Justice NEWMAN files a concurring opinion.

Justice NEWMAN concurring.

I concur in the result reached by the Majority in this matter, but write separately because I am unable to agree with rationale espoused in the Majority Opinion.

In 1996, the General Assembly amended Section 413(c) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 774.2 (also part of Act 57), thereby changing the manner in which an employer could affect the suspension of a claimant's compensation following a return to work. The key to the resolution of the instant matter, as

recognized by the Majority, is contained in the statutory language of Section 413(c) which states:

> Notwithstanding any provision of this act, an insurer may suspend the compensation during the time the employe has returned to work at his prior or increased earnings upon written notification of suspension by the insurer to the employe and the department, on a form prescribed by the department for this purpose. The notification of suspension shall include an affidavit by the insurer that compensation has been suspended because the employe has returned to work at prior or increased earnings. The insurer must mail the notification of suspension to the employe and the department within seven days of the insurer suspending compensation.
>
> (1) If the employe contests the **averments of the insurer's affidavit,** a **special supersedeas hearing** before a workers' compensation judge may be **requested** by the employe indicating by a checkoff on the notification form that the suspension of benefits is being challenged and filing the notification of challenge with the department within twenty days of receipt of the notification of suspension from the insurer. The special supersedeas hearing shall be held within twenty-one days of the employe's filing of the notification of challenge.
>
> (2) If the employe does not challenge the insurer's notification of suspension within twenty days under paragraph (1), the **employe shall be deemed to have admitted to the return to work and receipt of wages at prior or increased earnings.** The insurer's notification of suspension shall be deemed to have the same binding effect as a fully executed supplemental agreement for the suspension of benefits.

77 P.S. § 774.2 (emphasis added).

It is obvious to me that the "averments of the insurer's affidavit" refers to the return to work and the return to work at equal or increased wages. Those are the only two averments contained in the notification to the employee and the department. It is inherent in the statute that, when the

employee checks the box to challenge the suspension of compensation, the challenge is limited to whether the employee returned to work and whether current earnings are equal to or greater than those prior to the work injury. In the case *sub judice,* the employee returned to work on the date indicated in Employer's suspension notice, without wage loss. It is subsequent to that return to work without wage loss that the employee left work. The Majority position would prevent a WCJ from receiving any evidence other than the Suspension Notice and the claimant's challenge. If this were in fact the intent of the General Assembly, why include a requirement for a special supersedeas hearing within the text of the statute? Why not merely have the Bureau inform the employer that there has been a challenge and that benefits must be reinstated until further appropriate action, if any, is taken?

According to the statutory text, when the employee checks the box, that employee is "requesting a supersedeas hearing." Problems admittedly arise when a claimant requests a hearing on one issue, but other issues appear. In that instance, I believe that a WCJ is permitted to waive or modify the special rules of practice. 34 Pa.Code § 131.3(a). Further, Section 131.42 sets forth the types of evidence that are permissible in a supersedeas hearing. That section states:

§ 131.42. Evidence relating to supersedeas.

(a) A party has the right to submit, and the judge may consider, one or more of the following **solely** in relation to a **request for supersedeas.**

(1) Testimony of a party or witness.

(2) The report of a physician.

(3) The records of a physician, hospital, clinic or similar entity.

(4) The written statements or reports of another person expected to be called by a party at the hearing of the case.

(5) The report of an organization or governmental body or agency stating the right of the claimant to receive, be denied, have increased or decreased benefits, and the

amount of the benefits being paid or payable to the claimant.

(6) Other materials relevant to the request for supersedeas.

34 Pa.Code § 131.42 (emphasis added). This section itemizes the evidence that a WCJ may consider "in relation to a request for supersedeas," which is the action that results from checking the box. Section 131.42 does not limit its application to a regular request for supersedeas and I believe that it is available to the parties during a special supersedeas hearing.

In the instant matter, the subject of the proceeding was the challenge to the suspension of benefits. When Claimant challenged that suspension, she was alleging that she had a right to continued benefits. I believe that the WCJ, in deciding whether Claimant did, indeed, have a right to continued benefits, was entitled to consider evidence proffered by both Claimant and Employer that indicated that her failure to return to work was not work related. As articulated by the Commonwealth Court, it is beyond reason to require a WCJ to turn a blind eye toward evidence entitling a party to a supersedeas when all parties are assembled. *See U.S. Airways v. WCAB (Rumbaugh)*, 808 A.2d 1064, 1068 (Pa.Cmwlth. 2002) (citing 1 Pa.C.S. § 1922 (statutes should not be interpreted to affect absurd result)), *petition for allowance of appeal granted*, 573 Pa. 669, 820 A.2d 706 (2003). I do not believe that it is the intent of the General Assembly that, once an insurer has suspended benefits because the claimant has returned to work, the employer must file a Petition to Suspend or Terminate benefits along with an Application for Supersedeas every time a claimant checks the box.